Michael M. Lee (#18042)
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Room 505A
Salt Lake City, UT 84114-5478
Telephone:  (801) 535-7788
Facsimile:  (801) 535-7640
Michael.Lee@slcgov.com

*Attorney for Defendant Salt Lake City*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID BIDWELL, as Personal Representative of the Estate and Heirs of MEGAN JOYCE MOHN,<br><br>Plaintiffs,<br><br>vs.<br><br>SALT LAKE CITY, JOHN and JANE DOES 1-10,<br><br>Defendants. | **STIPULATED MOTION TO STAY**<br><br><br>Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero<br><br>Case No. 2:23-cv-00888-DBB-CMR |

Defendant Salt Lake City ("the City") and Plaintiff David Bidwell, as Personal Representative of the Estate and Heirs of Megan Joyce Mohn ("Plaintiff"), by and through counsel of record, submit this Stipulated Motion to Stay and jointly move for and request that the Court stay this case until the earlier of the disposition of the criminal investigation currently pending against the individual officers involved in the subject incident, or 90 days from the date of the Court's order.

1. In the early morning hours of January 11, 2022, Megan Jayne Mohn ("Mohn") was observed acting suspiciously near the Marathon Petroleum plant in Salt Lake City, Utah. (Compl. ¶ 11.)

2. Officers of the Salt Lake City Police Department responded. Based on the allegations of the Complaint, Mohn was placed in handcuffs and restrained and ultimately was unresponsive. (*Id.* ¶¶ 13-34.) She was transferred to the hospital, and on January 30, 2022, she died. (*Id.* ¶¶ 36-38.)

3. A medical examiner later determined that Mohn's cause of death was "anoxic brain injury" due to "cardiac arrest" and that her manner of death was "homicide." (*Id.* ¶¶ 39-42.)

4. Thereafter, this incident was classified as an officer involved critical incident and referred for criminal investigation. The Salt Lake County District Attorney's Office ("D.A.'s Office") is currently conducting this investigation, which has not yet concluded. (*See* https://slco.org/district-attorney/officer-involved-critical-incidents/.)

5. This criminal investigation is conducted pursuant to state law and also to a joint agreement between the D.A.'s Office and participating law enforcement agencies to perform joint investigations and independent review and screening for possible criminal charges of officer involved critical incidents.

6. On December 8, 2023, Plaintiff filed the instant civil action concerning the same incident that is the subject of the pending criminal investigation of the D.A.'s Office. (*See generally* Compl.)

7. The City's current deadline to respond to the Complaint is February 1, 2024. (ECF No. 13.)

8.  The parties agree that under the circumstances, good cause exists to warrant a stay of this civil action to avoid placing individual defendants in the position of having to choose between risking a loss in a civil case by invoking their Fifth Amendment rights, or risking conviction in a possible criminal case by waiving their Fifth Amendment rights and testifying in this matter. Such a stay should also apply to the City because if Plaintiff cannot establish a constitutional violation on the part of the individual defendants, then Plaintiff cannot establish municipal liability against the City.[1] A stay should apply to all parties in the interests of judicial economy and to avoid piecemeal litigation and duplicative or unnecessary discovery efforts while the criminal investigation is still ongoing.

9.  Accordingly, the parties jointly request a stay of this proceeding until the earlier of the disposition of the pending criminal investigation is released by the D.A.'s Office, or 90 days from the date of the Court's order.

10. The parties further stipulate and request that the City's current February 1, 2024 deadline to respond to the Complaint be stayed. The parties agree that after the stay of this action is lifted, they will meet and confer on a new response deadline and submit a motion for extension of time to respond to the Complaint.

A proposed order is submitted herewith.

DATED this 30th day of January, 2024.

SALT LAKE CITY CORPORATION

 /s/ Michael M. Lee
MICHAEL M. LEE
*Attorney for Defendant Salt Lake City*

---

[1] *See, e.g., Jiron v. City of Lakewood*, 392 F.3d 410, 419 n.8 (10th Cir. 2004) (stating "a conclusion that the officer has committed no constitutional violation — i.e., the first step of the qualified immunity analysis— . . . preclude[s] the imposition of municipal liability.").

DATED this 30th day of January, 2024.

                                          STONE KALFUS LLP

                                          /s/ *Byron L. Ames*
                                          BYRON L. AMES
                                          *Attorney for Plaintiff David Bidwell, as Personal Representative of the Estate and Heirs of Megan Joyce Mohn*
                                          (Electronically signed with permission)

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2024 a true and correct copy of the foregoing **STIPULATED MOTION TO STAY** was electronically filed with the Clerk of Court, using the CM/ECF system, which sent notification to the following:

Byron L. Ames
STONE KALFUS LLP
2750 Rasmussen Road, Suite 201
Park City, UT 84098
byron.ames@stonekalfus.com
*Attorney for Plaintiff*

Lance L. Milne
Joshua S. Ostler
MORTENSEN & MILNE
68 South Main Street, Suite 700
Salt Lake City, UT 84101
lmilne@mortmilnelaw.com
jostler@mortmilnelaw.com
*Attorneys for Plaintiff*

                                          /s/ Lindsay Ross