**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DAVID BIDWELL, as Personal Representative of the Estate and Heirs of MEGAN JOYCE MOHN,<br><br>        Plaintiff,<br><br>  vs.<br><br>SALT LAKE CITY, JOHN and JANE DOES 1-10,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [23] DEFENDANT SALT LAKE CITY'S MOTION TO STAY**<br><br>Case No. 2:23-cv-00888-DBB-CMR<br><br>District Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 16). Before the court is Defendant Salt Lake City's (Defendant) Motion to Stay (Motion) (ECF 23). The court also considers Plaintiff David Bidwell's (Plaintiff) Response (ECF 24), Defendant's Reply (ECF 25), and the Status Report (ECF 32), filed by Defendant at the court's request (ECF 31). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motion.

## I.     BACKGROUND

On December 8, 2023, Plaintiff, as Personal Representative of the Estate and Heirs of Megan Joyce Mohn (Mohn), filed the Complaint (ECF 1), pursuant to 42 U.S.C. § 1983, alleging violations of Mohn's rights. Specifically, the causes of action detailed in the Complaint arise out of Mohn's death on January 30, 2022 (*id.* at 2). Plaintiff asserts three causes of action against

"individual law enforcement officers for their respective violations of [Mohn's] right to be free from the use of excessive force" and against Salt Lake City, through its police department, "for unconstitutional policies, customs and/or practices," which Plaintiff alleges caused Mohn's death (*id.* at 2–14).

On January 30, 2024, the parties filed a Stipulated Motion to Stay (ECF 19). In the stipulated motion, the parties indicated that the medical examiner had determined that Mohn's manner of death was "homicide" and Mohn's encounter with police officers prior to her death "was classified as an officer involved critical incident and referred for criminal investigation" (*id.* at 2). The parties further conveyed that "[t]he Salt Lake County District Attorney's Office ("D.A.'s Office") is currently conducting this investigation, which has not yet concluded" (*id.*). Based on those representations, "the parties jointly request[ed] a stay of this proceeding until the earlier of the disposition of the pending criminal investigation is released by the D.A.'s Office, or 90 days from the date of the Court's order" (*id.* at 3). The court thereafter entered an Order granting the parties' Stipulated Motion to Stay (ECF 21).

Approximately three months after the court granted a stay in this matter, Defendant filed the present Motion (ECF 23). In the Motion, Defendant states that "[t]he D.A.'s Office's criminal investigation is still ongoing and has not yet concluded" (*id.* at 2). Noting that the stay was set to expire on April 30, 2024, Defendant indicated that it had asked Plaintiff to stipulate to continue the stay, but Plaintiff rejected this proposal (*id.*). According to Defendant, nothing has changed since the court entered the previous stay, and "[t]he involved individual officers are still faced with the choice between risking a loss in a civil case by invoking their Fifth Amendment rights versus conviction in a possible criminal case by waiving their First Amendment rights and testifying in

this action" (*id.*). For those reasons, Defendant requests that the court "continue the stay in this civil action pending a decision from the D.A.'s Office about whether the involved individual officers will be charged criminally" (*id.* at 11).

In Plaintiff's opposition to the Motion, he states that "[t]he police officers that caused [Mohn's] death have been 'under investigation' since at least August 2022," yet, "[n]o criminal charges have been filed and there is no indication that a charging decision is imminent" (ECF 24 at 2). Therefore, according to Plaintiff, "[t]here is no reason this case cannot proceed in the normal course," and "[t]here are several reasonable alternatives to a complete stay of proceedings that will eliminate and/or mitigate any potential prejudice to future criminal litigation" (*id.*).

On October 15, 2024, the court entered a docket text order, indicating it had reviewed the filings relevant to Defendant's Motion and directed Defendant to submit a status report as to the pending criminal investigation referenced in the Motion (ECF 31). As directed, Defendant filed a Status Report, indicating that the D.A.'s Office "has not announced a decision on its criminal investigation of the incident underlying this civil action;" thus, the concerns outlined in the Motion "remain the same" (ECF 32 at 1).

## II.    LEGAL STANDARD

Trial courts have discretion to stay civil cases pending the resolution of a parallel criminal proceeding. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). The party seeking the stay must show a case of clear hardship and inequity that warrants the stay. *Id.* The court must consider the extent to which the party's Fifth Amendment rights are implicated if the stay is denied. *Id.* However, the Fifth Amendment does not require a stay pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. *Id.* Courts have

developed six factors to guide the analysis of a motion to stay:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Windham for Marquis Props., LLC v. Snyder*, Case No. 2:18-cv-00063-RJS-EJF, 2018 WL 4100512, at *3 (D. Utah Aug. 28, 2018) (quoting *M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-cv-605, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006)).

### III.   DISCUSSION

#### A.  Overlap of the Issues

Defendant argues that there is a "substantial" overlap between the civil issues in this matter and the criminal issues (ECF 23 at 6). But, as conceded by Defendant in the Status Report, there is still no criminal indictment related to this matter (ECF 32). Therefore, while the alleged wrongful conduct that gave rise to the civil proceedings might be the same as those in the potential criminal proceedings, "without an indictment, the [c]ourt cannot assess with any accuracy the overlap of issues in the criminal and civil case because it does not know what the criminal charges, if any, are." *See Osborn v. Brown*, No. 2:12-cv-775-TC-EJF, 2013 WL 1842507, at *2 (D. Utah May 1, 2013). In other words, the court can only speculate as to whether there will be any overlap between the issues presented in the civil case and any potential criminal case that may be filed.

Furthermore, the court notes that Plaintiff in this action is not the government, which weighs against granting a stay, as "there is no risk that the government will use the broad scope of

civil discovery to obtain information for use in the criminal prosecution." *Id.* (quoting *Wirth v. Taylor*, No. 2:09-cv-127 TS, 2011 WL 222323, at *2 (D. Utah Jan. 21, 2011)). Given those considerations and the uncertainty of what, if any, charges may be brought in this matter, the court finds that this factor weighs against granting a stay.

## B.  Status of the Criminal Case

As previously noted, there has been no indictment related to any of the defendants in this matter; thus, there is no criminal case to evaluate the status of. This factor, therefore, does not weigh in favor of granting the Motion because, as this court has stated, "[i]n the absence of an indictment, courts generally do not grant a stay." *Osborn*, 2013 WL 1842507, at *2.

## C.  Plaintiff's Interests

Plaintiffs have "a considerable interest in the 'expeditious resolution'" of their case. *Tibbs v. Vaughn*, No. 2:08-cv-787, 2012 WL 4480360, at *3 (D. Utah Sept. 28, 2012) (quoting *Hilda M. v. Brown*, No. 10-cv-02495-PAB-KMT, 2010 WL 5313755, at *5 (D. Colo. Dec. 20, 2010)). In this matter, Plaintiff filed his Complaint on December 8, 2023 (ECF 1), and Plaintiff agreed to stipulate to the first motion to stay filed by Defendant in January 2024 (ECF 19). But Plaintiff opposes another stay in this matter, pointing out that Mohn died in January 2022, and the police officers involved in the incident have been under investigation "since at least August 2022" (ECF 24 at 2). Thus, according to Plaintiff, the D.A.'s Office has had at least two years to decide whether to file an indictment, and this matter has waited long enough and "needs to proceed" (*id.*).

While Defendant does not challenge Plaintiff's timeline regarding the events relevant to this litigation, it instead argues that there is "no reason to doubt" that the D.A.'s Office "is actively investigating" the facts underlying this case and any parallel criminal proceedings that might be

5

initiated (ECF 25 at 9). In Defendant's view, any delay in announcing the results of the D.A.
Office's investigation is therefore justified, and this matter should be stayed until such an
announcement is made (*see id.*).

The court notes that, as the case presently stands, "the parties have no way to predict how
long the criminal investigation will continue, whether any indictments will result, and whether the
defendants, in particular, will be indicted." *Osborn*, 2013 WL 1842507, at *3. Considering the
length of time that the criminal investigation in this matter has been underway, the uncertainty as
to how long it will take a criminal investigation in this matter to conclude, and the length of time
that has passed since Plaintiff filed the Complaint, the court finds that this factor weighs against
granting another stay.

## D. Defendant's Interests

Next, the court balances the interests of Plaintiff against the private interests of and burden
on the defendants. The primary concern on this point for Defendant, concerns the fact that "[t]he
Fifth Amendment does not forbid adverse inferences against parties to civil actions when they
refuse to testify in response to probative evidence offered against them . . . ." *MacKay v. Drug
Enf't Admin.*, 664 F.3d 808, 820 (10th Cir. 2011) (quoting *Baxter v. Palmigiano*, 425 U.S. 308,
318 (1976)). Thus, Defendant argues that proceeding with this matter without waiting for a
decision on any potential pending criminal matters, may present the officers involved in the
incident with "the quandary of choosing between waiving their Fifth Amendment rights or
effectively forfeiting the civil case" (ECF 23 at 8) (quoting *Trs. of Plumbers & Pipefitters Nat.
Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995)).

Again, the court notes that whether this litigation will implicate the individual defendants'

rights against self-incrimination is "unclear at this stage." *See Osborn*, 2013 WL 1842507, at *3. And "[i]f in answering discovery the parties intend to claim a right against self-incrimination, they must do so with particularity." *Id.* Plaintiff also points out that there are "[l]ess drastic methods in lieu of a stay" which may include "sealing answers to interrogatories, sealing answers to depositions, imposing protective orders, imposing a stay for a finite period of time, limiting a stay to a particular subject, or limiting disclosure only to counsel." *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1240 (N.D. Okla. 2003).

Given the uncertain nature of any pending criminal charges, and the other methods suggested by Plaintiff of avoiding the issue of self-incrimination by the officers involved in the incident, the court finds that this factor weighs against granting a stay.

### E.  Interests of the Courts and the Public

The final remaining factors concern the interests of the courts and the public. *See Windham*, 2018 WL 4100512, at *3. The court and the public "have 'a strong interest in keeping litigation moving to conclusion without unnecessary delay.'" *Osborn*, 2013 WL 1842507, at *3 (quoting *Tibbs*, 2012 WL 4480360, at * 3). The court further notes that the public interest in this matter "is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible." *Lasermarx, Inc. v. Hamskea Archery Sols. LLC*, No. 22-cv-01956-NYW-KLM, 2023 WL 3058467, at *4 (D. Colo. Feb. 28, 2023).

Defendant argues that the court may be inconvenienced by not staying the case. For example, the individual officers might decide to invoke their Fifth Amendment privilege when they are deposed, but if the D.A.'s Office then announces that the involved officers will not be criminally charged, "the officers will ask that they be allowed to testify, even though Plaintiff did

not have the change to depose them earlier" (ECF 23 at 8–9). Thus, Defendant argues that the court

will then have to determine "whether to allow the involved individual officers to testify even

though they earlier refused" (*id.* at 9). While the court acknowledges that this situation, along with

the other scenarios described by Defendant, is possible, it is not enough for the court to grant a

stay based on this type of speculation, particularly where no criminal case is pending.

Furthermore, as the court in *Osborn* noted, "[t]he public has an interest in knowing the

validity of" the allegations in Plaintiff's Complaint. 2013 WL 1842507, at * 3. To that end, in the

absence of criminal proceedings, "the civil case provides the only outlet." *Id.* Based on the interests

of the court and the public to have matters resolved without unnecessary delay, and the interest in

determining the validity of the allegations in the Complaint, the court determines that these final

factors also weigh against granting a stay.

## IV.     CONCLUSION AND ORDER

In balancing the relevant factors and weighing the competing interests, the court determines

that a stay of the civil proceedings is not necessary at this time. The court therefore DENIES the

Motion to Stay without prejudice (ECF 23). If the circumstances change, the parties may file

another motion to stay if necessary. Defendants shall have fourteen days from the entry of this

Order to Answer or otherwise respond to the Complaint.

DATED this 5 November 2024.

Cecilia M. Romero
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

8