Michael M. Lee (#18042)
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Room 505A
Salt Lake City, UT 84114-5478
Telephone: (801) 535-7788
Facsimile: (801) 535-7640
Michael.Lee@slc.gov

*Attorney for Defendant Salt Lake City*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID BIDWELL, as Personal Representative of the Estate and Heirs of MEGAN JOYCE MOHN, <br><br> Plaintiffs, <br><br> vs. <br><br> SALT LAKE CITY, JOHN and JANE DOES 1-10, <br><br> Defendants. | **DEFENDANT SALT LAKE CITY'S ANSWER TO COMPLAINT** <br><br><br> Judge David Barlow <br><br> Magistrate Judge Cecilia M. Romero <br><br> Case No. 2:23-cv-00888-DBB-CMR |

Defendant Salt Lake City (the "City"), by and through counsel of record, hereby files this Answer to the Complaint of David Bidwell, as Personal Representative of the Estate and Heirs of Megan Joyce Mohn ("Plaintiff").

### INTRODUCTION

1. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and, therefore, denies the allegations of that paragraph.

2. Paragraph 2 does not contain a statement of fact, and no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

3. Paragraph 3 does not contain a statement of fact, and no response is required. To the extent this paragraph contains any factual allegations, those allegations are denied.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion, and no response is required. To the extent this paragraph contains anything more than a legal conclusion, those allegations are denied.

5. The first sentence of Paragraph 5 states a legal conclusion, and no response is required. To the extent the first sentence of Paragraph 5 contains anything more than a legal conclusion, those allegations are denied. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 5 and, therefore, denies the allegations of that sentence.

## THE PARTIES

6. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and, therefore, denies the allegations of that paragraph.

7. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and, therefore, denies the allegations of that paragraph.

8. The City admits the allegations of Paragraph 8.

9. The City admits the Salt Lake City Police Department is a department of the City. To the extent this paragraph alleges anything further, those allegations are denied.

10. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and, therefore, denies the allegations of that paragraph.

## FACTUAL ALLEGATIONS

11. The City admits that in the early morning hours of January 11, 2022, Megan Mohn was seen trespassing on Marathon Petroleum property. She was also seen yelling and wielding two pieces of rebar. To the extent this paragraph alleges anything further, those allegations are denied.

12. The City denies the allegations of Paragraph 12.

13. The City denies the allegations of Paragraph 13.

14. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

15. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

16. The City denies the allegations of Paragraph 16.

17. The City admits a second officer arrived on scene. To the extent this paragraph alleges anything further, those allegations are denied.

18. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

19. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

20. The City denies the allegations of Paragraph 20.

21. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

22. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

23. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

24. The City denies the allegations of Paragraph 24.

25. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

26. The City admits a third officer arrived on scene. The City further responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

27. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

28. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

29. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

30. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

31. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

32. The City denies the allegations of Paragraph 32.

33. The City denies the allegations of Paragraph 33.

34. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

35. The City denies the allegations of Paragraph 35.

36. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 and, therefore, denies the allegations of that paragraph.

37. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 and, therefore, denies the allegations of that paragraph.

38. The City understands Ms. Mohn passed away on January 30, 2022. To the extent this paragraph alleges anything further, those allegations are denied.

39. The City responds that the medical examiner's report is a document that speaks for itself, and the City denies any allegations inconsistent with the report. To the extent this paragraph alleges anything further, those allegations are denied.

40. The City responds that the medical examiner's report is a document that speaks for itself, and the City denies any allegations inconsistent with the report. To the extent this paragraph alleges anything further, those allegations are denied.

41. The City responds that the medical examiner's report is a document that speaks for itself, and the City denies any allegations inconsistent with the report. To the extent this paragraph alleges anything further, those allegations are denied.

42. The City responds that the medical examiner's report is a document that speaks for itself, and the City denies any allegations inconsistent with the report. To the extent this paragraph alleges anything further, those allegations are denied.

43. The City denies the allegations of Paragraph 43.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Fourth Amendment Violation
### Against All Defendants

44. Paragraph 44 states legal conclusions, and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

45. Paragraph 45 states legal conclusions, and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

46. Paragraph 46 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

47. The City denies the allegations of Paragraph 47.

48. The City denies the allegations of Paragraph 48.

49. Paragraph 49 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

50. Paragraph 50 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

51. Paragraph 51 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

52. Paragraph 52 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

53. Paragraph 53 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

54. Paragraph 54 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

55. Paragraph 55 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

56. Paragraph 56 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

57. Paragraph 57 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

58. Paragraph 58 states a legal conclusion, and no response is required. To the extent this paragraph alleges anything more than legal conclusions, the allegations are denied.

59. Paragraph 59 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

60. Paragraph 60 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

61. Paragraph 61 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

62. Paragraph 62 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

63. Paragraph 63 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – *Monell Liability*
### Against Defendant Salt Lake City

64. Paragraph 64 states legal conclusions, and no response is required. To the extent this paragraph alleges anything more than legal conclusions, the allegations are denied.

65. Paragraph 65 states legal conclusions, and no response is required. To the extent this paragraph alleges anything more than legal conclusions, the allegations are denied.

66. Paragraph 66 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

67. Paragraph 67 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

68. The City denies the allegations of Paragraph 68.

69. The City denies the allegations of Paragraph 69.

70. The City denies the allegations of Paragraph 70.

71. Paragraph 71 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

72. Paragraph 72 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

73. Paragraph 73 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

74. Paragraph 74 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

75. Paragraph 75 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 – *Canton* Liability
### Against All Defendants

76. The City denies the allegations of Paragraph 76.

77. The City admits effectuating an arrest is a usual and recurring situation which SLCPD officers encounter on a regular basis. To the extent this paragraph alleges anything further, the City denies those allegations.

78. The City affirmatively states that it provides its officers with training on the use of force and training that only reasonable force is appropriate. To the extent this paragraph alleges anything contrary to this statement, those allegations are denied.

79. The City denies the allegations of Paragraph 79.

80. The City denies the allegations of Paragraph 80.

81. The City denies the allegations of Paragraph 81.

82. Paragraph 82 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

83. Paragraph 83 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

84. The City responds that the bodycam videos of the officers speak for themselves, and the City denies any allegations inconsistent with the videos. To the extent this paragraph alleges anything further, those allegations are denied.

85. The City denies the allegations of Paragraph 85.

86. The City denies the allegations of Paragraph 86.

87. The City denies the allegations of Paragraph 87.

88. The City denies the allegations of Paragraph 88.

89. The City denies the allegations of Paragraph 89.

90. The City denies the allegations of Paragraph 90.

91. The City denies the allegations of Paragraph 91.

92. The City denies the allegations of Paragraph 92.

93. Paragraph 93 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

94. Paragraph 94 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

95. Paragraph 95 states legal conclusions and no response is required. To the extent this paragraph alleges anything more than legal conclusions, those allegations are denied.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief identifies the relief that Plaintiffs seek, and no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants did not violate Plaintiff's or Ms. Mohn's constitutional rights.

### THIRD AFFIRMATIVE DEFENSE

The City did not violate Plaintiff's clearly established, particularized, constitutional, statutory, and/or common-law rights or privileges.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any individually named defendants are entitled to qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by any policy, practice, custom, or final decisionmaker of the City or its employees.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by any failure to train or supervise or based on a theory of ratification.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by Ms. Mohn's actions, fault, negligence, and/or illegal conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of legal justification.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages, and thus, any potential recovery must be reduced or barred.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed injuries were caused in whole or in part by independent intervening and/or superseding causes.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to support an award of attorney's fees and costs against the City on any basis.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, federal common law, Article I, Sections 7 and 10 of the Utah Constitution, and Utah Code Ann. § 63G-7-603.

### THIRTEENTH AFFIRMATIVE DEFENSE

The City asserts that there may be other defenses which are unknown at this time, but which may arise as discovery proceeds in this litigation and, therefore, reserve the right to assert such defenses in the future.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the City demands a trial by jury of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, the City pray that Plaintiff's Complaint be dismissed, that Plaintiff takes nothing thereby, that the City recovers attorney's fees and costs incurred in defending this action and for such other and further relief as this Court shall deem proper.

DATED this 19th day of November, 2024.

SALT LAKE CITY CORPORATION

/s/ Michael M. Lee
MICHAEL M. LEE
*Attorney for Defendant Salt Lake City Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2024 a true and correct copy of the foregoing **DEFENDANT SALT LAKE CITY'S ANSWER TO COMPLAINT** was electronically filed with the Clerk of Court, using the CM/ECF system, which sent notification to the following:

Byron L. Ames
STONE KALFUS LLP
2750 Rasmussen Road, Suite 201
Park City, UT  84098
byron.ames@stonekalfus.com
*Attorneys for Plaintiff*

Lance L. Milne
Joshua S. Ostler
MORTENSEN & MILNE
68 South Main Street, Suite 700
Salt Lake City, UT 84101
lmilne@mortmilnelaw.com
jostler@mortmilnelaw.com
*Attorneys for Plaintiff*

      /s/  Lindsay Ross